# Howland Pulp Company *v.* Jessup & Moore Paper Company, Appellant.

*Contract—Sale—Quality—Quantity—Affidavit of defense.*

In an action to recover the price of pulp where it appears from the statement that the pulp was sold at a certain price eighty-five and three tenths per cent "dry," an affidavit of defense is sufficient which avers that the pulp when delivered was only seventy-five and seven tenths per cent air dry test, making nine and six tenths per cent excessive moisture, for which defendant was entitled to an allowance. In such a case it is not the quality but the quantity of the goods which is in question, and the case is for the jury.

Argued Oct. 7, 1902. Appeal, No. 741, June T., 1901, by defendant, from order of C. P. No. 5, Phila. Co., Oct. T., 1901, No. 243, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Howland Pulp Company v. Jessup & Moore Paper Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit for goods sold and delivered.

The book entries upon which suit was brought were as follows:

Dec. 17, 1900.

Jessup & Moore Paper Co., Kenmore Mills.

Car 311 Rolls " F" Sulphite 33.014 lbs.
 gross, at 85.3 %, 28,161 lbs. dry, . 2.10 $591.38.

Dec. 18, 1900.

Jessup & Moore Paper Co., Augustine Mills.

Car 397 Rolls " F " Sulphite 41,546 lbs.
 gross, at 85.3 %, 35,439 lbs. dry, . 2.10 $744 22.

$1,335.60

CR.

Feb. 16. By cash on account, $1,000.00

$335.60

496        PULP CO. *v.* PAPER CO., Appellant.

Statement of Facts—Opinion of the Court.  [21 Pa. Superior Ct.

The affidavit of defense was as follows :  ·

The cars of pulp in question were sold by the plaintiffs and delivered at the defendants' mills, and the defendants paid freight bills on the said two cars amounting to $179, which they claim to offset against the plaintiffs' claim.

The defendants further aver that the said pulp was bought from the plaintiffs and billed at eighty-five and three tenths per cent air dry test, and that when it arrived at the defendants' mills they immediately had a test made thereof and found that it was only seventy-five and seven-tenths per cent air dry test, making nine and six-tenths per cent excessive moisture, so that the moisture charged for in the said two cars amount to 41,546 pounds at nine and six tenths per cent, equals 3,989 pounds dry weight overcharged at $2.10 per hundred pounds, making an overcharge which the plaintiffs have made against the defendants in the said statement of claim of $83.77, which the defendants claim to offset.  This makes a total offset of $262.77, and leaves a balance due by the defendants to the plaintiffs of $72.83, which the defendants have heretofore tendered to the plaintiffs, and again tender the same herewith.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*John Weaver*, for appellant.

*George Wentworth Carr*, for appellee.

OPINION BY ORLADY, J., December 13, 1902 :

The plaintiffs seek to recover for certain rolls of " F sulphite, gross at eighty-five and three tenths per cent dry, at $2.10 per hundred lbs." The affidavit alleges that when the pulp, bought from the plaintiffs and billed at eighty-five and three tenths per cent air dry test, arrived at the mills, it was found to be only seventy-five and seven-tenths per cent air dry test, making an excess of nine and six tenths per cent of moisture, which in the two consignments aggregated a sum which was definitely ascertained, and which made a total offset of $262.77. It is apparent from the plaintiffs' statement of claim that the defendant was to pay only for the net weight that the pulp

would have if eighty-five and three tenths per cent dry. The quality of the sulphite was admittedly good, but the defendants' contention is that by reason of nine and six tenths per cent excessive moisture, for which the plaintiffs were not entitled to recover, the amount claimed was erroneous. The rate per hundred ($2.10) was to be ascertained by allowing for a certain amount of moisture, and deducting the excess from the gross weight. It follows that the dispute is not as to the quality of the article, but as to the quantity, both sides agreeing that a deduction was to be made from the gross weight to the extent of the moisture. The fact is sufficiently alleged and clearly susceptible of proof, and must be disposed of by jury.

The judgment is reversed, and a procedendo awarded.